IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEIL TRAILER**, d/b/a KALYN SIEBERT,  Plaintiff,  v.  **XL RISK CONSULTING, INC.**,  Defendant. | CIVIL ACTION  NO. 20-4120-KSM |

## MEMORANDUM

**MARSTON, J.**                                                                                                                 **March 26, 2021**

This case involves a straightforward claim for breach of contract. For the reasons discussed below, we grant Plaintiff's motion for default judgment.

I.

Plaintiff Heil Trailer sold Defendant XL Risk Consulting, Inc. one hydraulic removeable gooseneck trailer for $80,500.[1] (Doc. No. 1 at p. 5.[2]) Marc Halpern signed the order form on behalf of Defendant on October 22, 2019 (*id.*), and Plaintiff sent Defendant an invoice on January 16, 2020, which required payment by February 25, 2020[3] and stated that late payments

---

[1] There is a discrepancy between the contract price listed on the order form and the price listed on the invoice. The order form lists a "total price" of $80,540 — the sum of the price of the trailer, $80,500, plus a $40 charge for "FET Federal DOT." (Doc. No. 1 at p. 5.) The invoice, however, includes only the $80,500 purchase price. (Doc. No. 9 at p. 6.) Because Plaintiff seeks the "[p]ast due bill amount, $80,500, plus interest at a rate of 18 percent per annum," that is the figure that the Court uses. (*See* Doc. No. 1 at p. 2 ¶¶ 11–12; *see also* Hr'g Tr. at 4:12–14 ("The contractual amount due is $80,500.00 . . . .").)

[2] In deciding this motion for default judgment, we accept as true the factual allegations (other than those as to damages) contained in the complaint. *See Serv. Employees Int'l Union Local 32BJ Dist. 36 v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018).

[3] The Court relies on the February 25, 2020 due date alleged in the complaint. (Doc. No. 1 at p. 2; *see also* Doc. No. 9 at p. 1.) However, we note that the invoice actually lists a "Net Due Date" of February 15, 2020, which is consistent with the 30-day term. (*See* Doc. No. 9 at p. 6; *see also* Hr'g Tr. at 4:4–9 (acknowledging miscalculation but stating that Plaintiff "will stick with what [counsel] submitted

would be subjected to interest at a rate of 18% per annum.  (Hr'g Tr. at 3:23–4:2.)  The trailer was delivered on January 23, 2020, but Defendant never paid the contract price.  (Doc. No. 1 at p. 2 ¶ 8; Hr'g Tr. at 3:17–4:11.)

On September 21, 2020, Plaintiff filed a complaint in this Court for breach of contract and quantum meruit.  (Doc. No. 1 at p. 3.)  On October 2, 2020, Marc Halpern, identifying himself as "CAO" for Defendant, acknowledged receipt of the summons and complaint by executing a Waiver of Service of Summons.  (Doc. No. 3.)  When Defendant failed to respond to the complaint within 60 days, Plaintiff moved for default (Doc. No. 4), which the Clerk of Court entered on December 7, 2020.

Plaintiff then moved for entry of default judgment, seeking the contract amount, interest at a rate of 18% per year, attorney's fees, and court costs.  (Doc. No. 5.)  The Court scheduled a hearing on the motion for March 10, 2021, ordered Plaintiff to file a supplemental memorandum and affidavit describing the basis for awarding attorney's fees, and directed Plaintiff to serve Defendant with copies of the Order, Plaintiff's motion for default judgment, and Plaintiff's attorney's fees memorandum and affidavit.  (Doc. Nos. 6–7.)

Plaintiff later withdrew its request for attorney's fees and costs.  (*See* Doc. No. 9.)  It then filed an Affidavit of Service, confirming that it served the required documents on Defendant by way of process server, regular and certified mail, and email.  (Doc. No. 10; *see also* Doc. No. 11 (Mr. Halpern confirming receipt of documents via email).)  Defendant did not attend the hearing on March 10, 2021.  (*See* Hr'g Tr. at 3:6–9 (noting that Mr. Halpern was not in attendance).)

II.

"After a clerk enters default pursuant to Federal Rule of Civil Procedure 55(a) against a

---

to the Court originally").)

party that has 'failed to plead or otherwise defend' an action, the party may be subject to entry of a default judgment." *Serv. Employees Int'l Union*, 325 F. Supp. 3d at 634 (quoting Fed. R. Civ. P. 55(a)). The clerk may enter default judgment in a plaintiff's favor if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

When the party files a motion to enter default judgment, the Court considers the three factors outlined by the Third Circuit in *Chamberlain v. Giampapa*: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d 154, 164 (3d Cir. 2000); *see also, e.g.*, *Spurio v. Choice Sec. Syst., Inc.*, 880 F. Supp. 402, 404 (E.D. Pa. 1995) (same). However, before turning to the *Chamberlain* factors, the Court must first "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Serv. Employees Int'l Union*, 325 F. Supp. 3d at 635 (quotation marks omitted).

Here, Plaintiff has stated a claim for breach of contract. "It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Plaintiff submitted copies of an order form (Doc. No. 1 at p. 5; Doc. No. 9 at p. 4) and invoice (Doc. No. 9 at p. 6), which show that Defendant purchased the trailer for $80,500. The order form is signed by Marc Halpern on behalf of Defendant. (Doc. No. 1 at p. 5.) According to the complaint, payment was due February 25, 2020, and under the

invoice, interest of 18% per year accrued after that date. (Doc. No. 9 at p. 6.) Defendant is in breach of the agreement because to date, it has not paid any of the money owed. (Doc. No. 9 at p. 2 ¶¶ 9–10.) Because Plaintiff delivered the trailer, it has suffered damages from Defendant's breach in the amount of $80,500, plus interest.

Having found that Plaintiff states a legitimate cause of action for breach of contract, we turn to the *Chamberlain* factors and find that they weigh in favor of granting default judgment in this case. First, Plaintiff will be prejudiced if default judgment is denied because Plaintiff has not been paid the money it is owed. *See Serv. Employees Int'l Union*, 325 F. Supp. 3d at 637 ("First, Plaintiffs will certainly be prejudiced if default judgment is denied, as Plaintiffs have not yet received the withdrawal liability that they are owed.").

Second, Defendant does not appear to have a litigable defense. Plaintiff's facts establish a cause of action for breach of contract. The trailer was constructed and completed to Defendant's specifications, and because Defendant has not filed an answer, there are no facts to suggest that Plaintiff is not entitled to the full contract price. (*Id.* at p. 2 ¶ 8.) *Cf. Stevens v. Wiggins*, Civ. a. No. 90-7038, 1991 WL 152960, at *2 (E.D. Pa. Aug. 6, 1991) ("A defendant establishes a meritorious defense when defendant's answer, if established at trial, would constitute a complete defense to the action." (quotation marks omitted)). In addition, the Court sees no issues on the face of the complaint with jurisdiction, venue, or the statute of limitations.

Third, the Court finds that Defendant's delay is due to its own culpable conduct. Defendant acknowledged receipt of the complaint and summons as well as the motion for default judgment, but has knowingly decided not to enter an appearance or otherwise defend itself in this case. (*See* Hr'g Tr. at 5:7–23 (detailing Plaintiff's counsel's numerous contacts with Mr. Halpern).) *See Kelly M. v. Luzerne Intermediate Unit*, 71 F. App'x 116, 118 (3d Cir. 2003)

("Jerrytone's conduct in failing to respond to the several personal notices he received from plaintiffs' counsel or to appear at several hearings was culpable."); *Serv. Employees Int'l Union*, 325 F. Supp. 3d at 637 (explaining that "culpable conduct" refers to conduct "taken willfully or in bad faith," and finding that "Defendant's failure to respond to the complaint and failure to attend the hearing were both 'willful,' in the sense that Defendant accepted service of the complaint and the order setting the hearing and therefore was aware of the complaint and the hearing" but still failed to appear or otherwise respond to the complaint); *cf. Spurio*, 880 F. Supp. at 405 (finding no culpable conduct where the record "contain[ed] no evidence that defendant's two-day delay was intentionally dilatory or otherwise in bad faith").

"Having determined that Plaintiffs are entitled to entry of default judgment, the Court must calculate the proper amount of damages . . . ." *Serv. Employees Int'l Union*, 325 F. Supp. 3d at 637. The invoice shows that Plaintiff is entitled to the contract price — $80,500.00 — plus interest accruing at a rate of 18% per annum (or $39.70 per day). (*See* Doc. No. 9 at p. 1.) As of the date of this Memorandum, 394 days have passed since payment was due on February 25, 2020, so Defendant owes interest in the amount of $15,641.80. Adding this amount to the contract price, the Court finds that to date, Defendant owes Plaintiff $96,141.80.

### III.

Because Plaintiff has stated a legitimate cause of action for breach of contract, and the *Chamberlain* factors weigh in favor of granting default judgment, Plaintiff's motion is granted and judgment is entered in favor of Plaintiff in the amount of $96,141.80, plus any interest accruing after today's date.

An appropriate order follows.